IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| DIANE NEWMAN, | * |
| Plaintiff, | * |
| v. | *  Civil Case No.: SAG-19-3667 |
| MARYLAND ONCOLOGY HEMATOLOGY, P.A., | * |
| Defendant. | * |

**MEMORANDUM OPINION**

Plaintiff Diane Newman ("Plaintiff"), who is self-represented, filed this action against Maryland Oncology Hematology, P.A. ("MOH") alleging "employment, harassment, hostile work environment, retaliation" as claims. ECF 1 at 3. MOH has filed a motion to dismiss, claiming Plaintiff's complaint is untimely. ECF 10. The Clerk mailed Plaintiff a Rule 12/56 notice, advising her of the potential consequences of failing to oppose MOH's motion. ECF 13. Plaintiff responded by filing a motion to appoint counsel, which was denied, but otherwise she did not file any substantive response to MOH's motion. ECF 14, 15. For the reasons described below, MOH's motion will be granted.

Per the form attached to her Supplemental to her Complaint, ECF 5 at 4, the EEOC mailed Plaintiff a 90-day right to sue letter on September 17, 2019, which made her complaint due on or before December 16, 2019. On September 18, 2019, Plaintiff's then-attorney, Paul V. Bennett, Esq., sent Plaintiff a letter providing information about next steps, and advising her:

> You now have less than 90 days to file suit; **failure to file suit within that 90 day period would likely result in a dismissal of any such lawsuit and your case would then be forever time barred.**

ECF 5 at 5.  Nevertheless, Plaintiff did not file her Complaint in the instant matter until December 30, 2019, roughly two weeks after the deadline.

Title VII discrimination claims must be filed within 90 days of receipt of a right to sue letter, 42 U.S.C. § 2000e–5(f)(1), and that deadline is strictly enforced. *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984); *see also Moulden v. Tangherlini*, RDB-14-3506, 2015 WL 8757609, at *2 (D. Md. Dec. 15, 2015) ("Courts strictly enforce the ninety day filing requirement, even if the plaintiff is *pro se*."); *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987) (describing that a complaint filed ninety-one days after receipt of notice was untimely).  Because Plaintiff did not respond to MOH's motion to dismiss, she has not offered any reason for her belated filing.  While equitable tolling is available, it applies "only in 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period . . . and gross injustice would result.'" *Kramer v. Bd. of Educ. of Balt. Cnty.*, 788 F. Supp. 2d 421, 426 (D. Md. 2011) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)); *see also Crabill v. Charlotte Mecklenburg Bd. of Educ.*, 423 F. App'x 314, 321 (4th Cir. 2011) (noting that equitable tolling applies in two kinds of situations: "In the first, the complainant has been induced or tricked . . . into allowing the filing deadline to pass.  In the second, 'extraordinary circumstances beyond the plaintiff's control made it impossible to file the claims on time.'" (citations omitted)).  Given the uncontroverted evidence that Plaintiff was made aware of the correct filing deadline, there is simply no basis for equitable tolling, and her claims are barred as untimely.

This Court further notes that, even had her Complaint been timely, Plaintiff has not plausibly pled a violation of Title VII or any other discrimination statute, because she has not alleged her membership in a protected class, or any prior protected activity under Title VII.  ECF

2

1. Personality conflicts with supervisors or co-workers, and complaints about general perceived mistreatment, are not actionable under Title VII, absent some connection to a plaintiff's membership in a protected class.  *See, e.g.*, 42 U.S.C. § 2000e-2 (describing actionable employment practices where the employer's discriminatory conduct is "*because of* [an employee's] race, color, religion, sex, or national origin" (emphasis added)).  Finally, this Court notes that the affidavits attached to MOH's motion indicate that Plaintiff (and the supervisor she accuses of misconduct) were not employed by MOH at all, but by a third-party management company, AOR Management Company of Virginia, LLC.  ECF 10-3; ECF 10-4.  Thus, Plaintiff's claims against MOH, which are dismissed as untimely, harbor other fatal flaws that would likely have resulted in their dismissal, or in summary judgment having been granted for MOH.

      Accordingly, MOH's motion will be granted, and Plaintiff's Complaint will be dismissed.  A separate order follows.

Dated: October 9, 2020                                        /s/
                                                                     Stephanie A. Gallagher
                                                                     United States District Judge